IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

JEANNETTE NATALIA SMALLRIDGE,

    Plaintiff,

V.                                       CIVIL ACTION NO. 3:08-0213

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM ORDER

In this action, filed under the provisions of 42 U.S.C. § 405(g), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed her application for disability insurance benefits on April 18, 2005, alleging disability commencing August 31, 2002, as a consequence of a back injury, nerve damage and depression. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was forty-eight years of age and had obtained a high school education. Her past relevant employment experience consisted of work as a

cashier, cook/food prep and shift manager. In his decision, the administrative law judge found that plaintiff suffered from back and neck pain, an impairment which he considered severe. Though concluding that plaintiff was unable to perform her past work,[1] the administrative law judge determined she had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rule 202.21 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

Before this Court, plaintiff asserts that her physical and mental impairments in combination equal a listed impairment. Plaintiff makes this assertion without providing any legal or regulatory support, only stating that it is "obvious." From a review of the administrative decision, it is clear that the administrative law judge reviewed plaintiff's impairments under Appendix 1, and found they did not meet the criteria for a listed impairment. He reviewed her back/neck symptoms in accordance with Section 1.00, and based on the limited objective findings found that she did not have the "positive neurological deficits necessary to meet or equal the listings." He also evaluated plaintiff's non-severe affective/anxiety disorders under 12.02. In order to meet the listed impairment, the affective disorder must result in at least two of the following: "(1) Marked restriction of activities of daily living; or (2) Marked difficulties in maintaining social functioning; or (3) Marked difficulties in maintaining concentration, persistence, or pace; or (4) Repeated episodes of decompensation, each of extended duration." In evaluating plaintiff under this section the administrative law judge found she only had "'mild' limitations in activities of daily living and

---

[1] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

social functioning, and 'no' problems with attention/concentration and deterioration/decompensation in work-related activities." From the foregoing, and in the absence of any basis for questioning the methodology or reasoning of the administrative law judge, this Court concludes that his findings with respect to the listed impairments are supported by the evidence.

Plaintiff also argues that the administrative law judge made a faulty pain and credibility determination. Plaintiff relies on the opinion of her treating physician, Dr. Fisher, that her subjective complaints of pain were consistent with his objective findings. The regulations describe a two-step process for evaluating symptoms.[3] The administrative law judge must first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms.[4] If such an impairment is established, the administrative law judge must then evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the individual's ability to do basic work activities.[5] The latter step requires consideration of both the objective medical evidence and subjective evidence of a claimant's pain or other symptoms, and, while objective medical evidence may be "crucial" in this analysis, Craig v. Chater, supra at 595, subjective complaints may not be discredited solely because they lack objective support. Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir. 2006).

---

[3] See 20 C.F.R. §§ 404.1529; See also, SSR 96-7p; Craig v. Chater, 76 F.3d 585, 592-96 (4th Cir. 1996).

[4] Id.

[5] Id.

Examination of the record in this case establishes that the administrative law judge found that plaintiff's credibility as a witness was only fair. The administrative law judge made this credibility determination after having the opportunity to observe the plaintiff during her testimony and after considering the relevant factors listed in SSR 96-7p.[6] In considering these factors, the administrative law judge noted that plaintiff is able to do some small chores around the house, that her pain is located in her back, from her tailbone to her shoulders, and in her neck, and that doing laundry and running the vacuum make her pain worse. He also noted that she has been prescribed Neurontin and Norco for pain, has had spinal injections once, that she used to take Methadone and use Morphine patches, has attempted physical therapy, and does not wear a brace or support.

After considering the relevant factors in light of this evidence, the administrative law judge found plaintiff's allegations of disabling pain not entirely credible. He found her testimony regarding her activities of daily living inconsistent; she had initially indicated that she does nothing around the house, but later she testified that she does some small household chores. While she testified to having severe pain in her neck and back, her only MRI came back normal. The administrative law judge also found compelling the fact that she testified to numbness in her legs, but electromyography and nerve conduction studies were normal. He also considered the medical source opinions, none of which limited plaintiff to less than light level work. As such, the Court

---

[6] See also 20 C.F.R. § 404.1529; The factors include: (1) the extent of claimant's daily activities; (2) location, duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of medication; (5) treatment other than medication; (6) any measures other than treatment used to relieve pain; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.

finds that substantial evidence supports the administrative law judge's decision regarding plaintiff's credibility.

Plaintiff further asserts that the administrative law judge did not assign appropriate weight to the opinions of her treating sources, Dr. Fisher and Tiffany Bryan. . An administrative law judge is to consider the following when evaluating medical opinions: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist."[7] The regulations make clear that the administrative law judge "will not give any special significance to the source of an opinion on issues reserved to the Commissioner . . .."[8] They also state that "[t]he responsibility for deciding ... residual functional capacity rests with the administrative law judge or Appeals Council,"[9] and that the Commissioner must "give good reasons in [the] notice of determination or decision for the weight [given a] treating source's opinion."[10] Clearly, it is the Commissioner's responsibility to make the final decision regarding the plaintiff's abilities, and he can reject medical opinions so long as he gives reasons therefor, and those reasons are supported by the evidence.

It should first be noted that Ms. Bryan is a physical therapist and, while she may provide evidence "to show the severity of the individual's impairment(s) and how it affects the individual's

---

[7] Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527).

[8] 20 C.F.R. § 416.927(e)(3)

[9] Id. § 416.946

[10] Id. § 416.927(d)(2)

ability to function,"[11] she is not considered an "acceptable medical source" under the regulations.[12] More importantly, perhaps, is the fact that her findings do not support her conclusion that plaintiff "would not appear to tolerate consecutive hours of full work weeks."

With regard to Dr. Fisher, the administrative law judge adopted all of his findings, with the exception of the two hour standing limitation. Plaintiff argues that Dr. Fisher's ultimate conclusion was that she cannot engage in employment on a consistent basis, and not that she was capable of light work. Her argument is based on a set of interrogatories sent to Dr. Fisher by plaintiff's counsel, to which he replied that she could not engage in employment on a consistent basis because she tested at the "LIGHT" level of exertion. It is difficult, if not impossible, to give weight to the opinion expressed in this reply. The statement is internally inconsistent, as he first says she is unable to work, yet immediately following this he appears to acknowledge that she is capable of light work. The administrative law judge adopted all but one of Dr. Fisher's limitations contained in his Medical Assessment of Ability To Do Work-Related Activities, and found them to be well supported. That he did not concur in what amounted to an ambiguous opinion provides no basis for questioning the decision.[13]

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, the resultant work-related limitations, the

---

[11] SSR 06-03p, 2006 WL 2329939 at 2.

[12] See 20 C.F.R. § 404.1513. It provides that acceptable medical sources are: doctors, psychologists, optometrists, podiatrists and qualified speech/language pathologists.

[13] He did not adopt the two hour standing limitation because there was no objective evidence to support such a severe restriction; however, there were still a significant number of jobs in the national economy plaintiff would be capable of performing had he adopted this finding as well.

weight given various medical opinions, and the assessment of plaintiff's credibility are supported by substantial evidence. Under such circumstances, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: November 24, 2009

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE